## WARWICK LODGE NO. 7, FRATERNAL ORDER OF POLICE

v.

## CITY OF WARWICK, Warwick Police Department, Warwick Board of Public Safety and William E. DeFeo.

No. 97–398–A.

Supreme Court of Rhode Island.

Jan. 16, 1998.

Edward C. Roy, Jr., Providence.

Stephen D. Zubiago, Providence.

### ORDER

The defendants, the City of Warwick, Warwick Police Department, Warwick Board of Public Safety and William E. DeFeo (hereinafter referred to collectively as Warwick or the city), appeal from a Superior Court order granting plaintiffs motion for a preliminary injunction. After consideration of the pre-briefing materials, this case was assigned to the full court for a session in conference in accordance with Rule 12A(3)(b) of the Supreme Court Rules of Appellate Procedure.

The plaintiff filed a complaint for declaratory judgment alleging that the application of a provision in the parties' collective bargaining agreement violates the Confidentiality of Health Care Information Act, G.L. 1956 (1995 Reenactment) § 5–37.3–1, et seq. The provision in question requires the employee to execute a release authorizing the city to obtain medical information from the employee's treating physician. The release drafted by the city authorizes the health care provider to release "any and all medical information" related to the injury or illness causing the employee's absence, to the "employer, Board of Public Safety, Warwick Police Department ... its agents and employ[ees]."[1] In addition, the release authorizes the city to obtain information concerning the cost of the employee's health care.

The trial justice concluded that the scope of the release was so broad as to violate the limited access provision of the Confidentiality of Health Care Information Act, which provides that third parties receiving and retaining a patient's confidential information must establish that they have limited authorized access to such information to persons having a "need to know." Section 5–37.3–4(c)(1). In addition, the trial justice concluded that the release of cost information was unnecessary.

The decision to grant or deny an injunction is addressed to the sound discretion of the trial justice. This court will not overturn that decision unless it is shown that the trial justice clearly abused his discretion. *Pawtucket Teachers Alliance v. Brady*, 556 A.2d 556 (R.I.1989). A review of the trial justice's decision in the present case indicates that he considered the requisite factors prior to granting injunctive relief. The trial justice determined that the plaintiff demonstrated a likelihood of success on the merits of the controversy, that the violation of the health care information act creates a likelihood of irreparable harm, for which there is no adequate remedy at law, and that, without injunctive relief, plaintiffs members would be subject to a great deal of harm as compared to the relatively slight inconvenience of requiring defendants to draft a new medical release which complies with the provisions of the act.

We have carefully considered the record in this case and the arguments of the appellant and we find no reason to disturb the decision

1. The release refers to the agents and "employers" of the patient's employer, it seems clear, however, that this is a typographical error and that the word "employees" was intended to be used in this context.

of the trial justice. Therefore, the defendants' appeal is denied and dismissed.

BOURCIER, J., did not participate.